**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GUILLERMINA LOPEZ,

    Plaintiff,

v.                                                      Case No:   6:22-cv-1580-PGB-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendant

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S AMEMDED TIME-SENSITIVE MOTION TO COMPEL DEFENDANT TO PRODUCE FOR DEPOSITION PLAN FIDUCIARIES (Doc. No. 57)
>
> **FILED:** November 22, 2023
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

By the above-styled motion, Plaintiff seeks an order in this ERISA breach of fiduciary duty action compelling Defendant to "make available for deposition"

seven individuals: Dr. Randy Howard, Kenny Corbin, Jare Allocco, Debbie Bovee, Jessica Ladig, Charlie Sevastos, and Mori Hosseini, each of whom served as Retirement Plan Committee members and plan fiduciaries. Doc. No. 57. Defendant opposes. Doc. No. 59. Upon consideration, the motion is due to be denied without prejudice for several reasons.

First, the motion fails to comply with the Court's Standing Order on Discovery Motions. Doc. No. 34. That Order clearly states that "[t]he Movant must attach any discovery requests and discovery responses" to the motion. Id., ¶ 3. Here, Plaintiff has not attached anything to the motion — therefore it is entirely unclear whether Plaintiff has even noticed any of these individuals for deposition and/or issued subpoenas for same as necessary. *See* Doc. No. 57. The only indication of the status of this discovery dispute lies in Defendant's response, which provides a vague reference to Plaintiff having served seven deposition notices, but no further information is provided. *See* Doc. No. 59, at 1. This is insufficient to comply with the Standing Order.

Second, and relatedly, Plaintiff's failure to explain the procedural posture of the current dispute (either in the motion or by attaching the necessary discovery), make it impossible to ascertain whether the motion is premature or not. In other words, it is unclear whether the present motion is merely seeking an order to compel Defendant to cooperate in scheduling depositions or is a motion seeking to

compel the attendance of witnesses who have already refused to appear.  *See also* Middle District Discovery (2021) at Section II. A. (stating that when it is not possible to pre-arrange a deposition with opposing counsel, "counsel may unilaterally notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling.").

For these reasons, Plaintiff's motion (Doc. No. 57) is **DENIED WITHOUT PREJUDICE.**  Any renewed motion must comply in full with all applicable Rules and Court Orders, and must provide citation to applicable legal authority for the relief requested.

**DONE** and **ORDERED** in Orlando, Florida on November 29, 2023.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties