**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

GUILLERMINA LOPEZ,

       Plaintiff,

v.                                                   Case No:   6:22-cv-1580-PGB-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

       Defendant

---

**ORDER**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S SECOND AMENDED TIME-SENSITIVE MOTION TO COMPEL DEFENDANT TO COOPERATE WITH PLAINTIFFS COUNSEL AND PRODUCE FOR DEPOSITION PLAN FIDUCIARIES (Doc. No. 64)
>
> **FILED:** December 6, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.

Plaintiff requests an Order compelling Defendant to cooperate in the scheduling of the depositions of eight (8) witnesses, and to compel Defendant to

produce each witness at his or her scheduled deposition date. Doc. No. 64. This is the second time Plaintiff has filed this motion. *See* Doc. No. 57. The Court denied without prejudice the first motion for failure to comply with the Court's Standing Order on Discovery Motions (Doc. No. 34), thereby preventing the Court from determining the procedural posture of the dispute and, more importantly, determining whether the motion was premature. Doc. No. 61.

In Plaintiff's amended motion, Plaintiff has now attached the notices of deposition for each of these eight (8) witnesses, and Plaintiff represents that she unilaterally noticed each due to Defendant's continued refusal to schedule same. Doc. No. 64, at 2–3; Doc. No. 64-2. According to Plaintiff, "[r]ather than waiting another month or more for these witnesses not to appear and then seeking relief from the Court, Plaintiff is proactively seeking the Court's assistance in resolving this important discovery dispute." Doc. No. 64, at 3. Plaintiff provides no legal authority to support its request. And Defendant opposes. Doc. No. 65.

Upon consideration, the Court finds many of the reasons set forth in Defendant's opposition to be persuasive, and therefore Plaintiff's motion is due to be denied without prejudice. First, as Defendants point out, none of the witnesses Plaintiff seeks to depose are parties to the case, and where a corporate party refuses to produce the person, the person must be subpoenaed, unless the person sought to be deposed is an officer, director, or managing agent of the corporate party. *See*

*McMahon v. Presidential Airways, Inc.*, Case No. 6:05-cv-1002-Orl-28JGC, 2006 WL 5359797, at *1 (M.D. Fla. Jan. 18, 2006); Fed. R. Civ. P. 37(d).  *See also In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540 (D. Md. 1996) ("Only a party to the litigation may, of course, be compelled to give testimony pursuant to a notice of deposition . . . If an examining party fails to meet its burden [of proving that a deponent is a managing agent], it must resort to Fed. R. Civ. P. 45 for subpoenas on non-party witnesses.").   While a subpoena is not necessary for an officer, director, or managing agent of a corporate defendant, Plaintiff's motion does not identify whether any of the witnesses fall within those categories such that the notices of deposition are sufficient.  *See* Doc. No. 64, at 1 (merely identifying the witnesses as "plan fiduciaries/trustees").   And to the extent any of the witnesses are subordinate employees — or not employees of Defendant at all — subpoenas would be necessary.

Second and relatedly, as suggested by the Court's prior Order (Doc. No. 61), the motion is premature.  To the extent any of these witnesses are officers, directors, or managing agents of Defendant, there is no basis for an order compelling attendance at a deposition as they have not yet failed to appear for the deposition.  *See* Fed. R. Civ. P. 37(d)(1).[1]  To the extent any of these witnesses do

---

[1] The Court presumes that Plaintiff's citation to Fed. R. Civ. P. 37(c), which

not fall within this narrow category, there is also nothing to compel as they have not yet been properly subpoenaed.  *See McMahon*, 2006 WL 5359797, at *1.  And Plaintiff makes no argument that Defendant is hiding witnesses, or otherwise precluding any witnesses from being properly served such that Court intervention at this stage would be necessary.  *Id.*, at *1–2.  *See also Yaeger v. Hartford Ins. Co. of the Midwest*, Case No. 8:13-cv-428-T-35MAP, 2014 WL 12634925, at *1 (M.D. Fla. Feb. 27, 2014) (denying without prejudice motion to compel deposition of expert witness as premature where party seeking deposition had not yet resorted to the formal procedures available in the Federal Rules of Procedure for scheduling a deposition); *Blue Heron Com. Grp., Inc. v. Webber*, Case No. 2:18-cv-467-FTM-29CM, 2018 WL 6045252, at *3 (M.D. Fla. Nov. 19, 2018) ("Thus, although the Court may not grant Plaintiff's motion to compel at this time, if Defendants continue to obstruct the scheduling of their depositions Plaintiff may serve Rule 30 notices and file a renewed motion to compel if Defendants fail to appear in response to the notices.").

---

addresses sanctions for a party's failure to disclose information and/or failure to admit under Rule 36, is a scrivener's error.  *See* Doc. No. 64, at 1.

For these reasons, Plaintiff's Second Amended Time-Sensitive Motion to Compel Defendant to Cooperate With Plaintiff's Counsel and Produce for Deposition Plan Fiduciaries (Doc. No. 64) is **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Orlando, Florida on December 14, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties