# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GUILLERMINA LOPEZ,

       Plaintiff,

v.                              Case No:   6:22-cv-1580-PGB-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

       Defendant

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S** *TIME SENSITIVE* **MOTION FOR PROTECTIVE ORDER AS TO ITS IN-HOUSE COUNSEL (Doc. No. 67)** |
| **FILED:** | **December 31, 2023** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

On September 1, 2022, Plaintiff Guillermina Lopez filed a putative class action complaint against Defendant Embry-Riddle Aeronautical University, Inc., alleging Defendant breached its fiduciary duty of prudence and breached its duty to

adequately monitor other fiduciaries and service providers during Defendant's management of its defined contribution employee retirement plan, all in violation of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 ("ERISA"). Doc. No. 1.   Pursuant to the Third Amended Case Management and Scheduling Order ("CMSO"), Plaintiff's expert disclosure deadline is March 4, 2024, Defendant's expert disclosure deadline is April 1, 2024, and discovery closes on May 1, 2024.   Doc. No. 68, at 1.

Defendant's employee retirement plan is managed by Defendant's Retirement Committee, and during the discovery period, Plaintiff has attempted to depose several of the committee members, with some success.   *See, e.g.*, Doc. Nos. 57, 59, 61, 64–66, 67.   It appears that Plaintiff has been able to depose the Chair of the Retirement Committee, Brandon Young, Defendant's Vice President and Chief of Human Resources, and has noticed and/or subpoenaed for deposition eight (8) other Committee members.   *See* Doc. Nos. 67, 70.[1]   Plaintiff has also obtained

---

[1] Several of these depositions were scheduled to take place prior to the date of this Order, and there is no indication on the docket or in the parties' motion papers that these other depositions have not, or will not, go forward.   *See* Doc. No. 67-1.   While Defendant attaches emails discussing the scheduling of these depositions, no motions to compel have been filed, and no motions for protective order have been filed as to any other Committee members save Mr. Sevastos.   *See* Doc. No. 67-2; *see also* Doc. No. 70, at 5, n. 4 (stating that the parties are coordinating dates for deposition of several other Committee members).

through discovery copies of the Retirement Committee's meeting minutes. *See* Doc. No. 70, at 8–9.

By the present motion, Defendant seeks a protective order barring the deposition of one of the Committee members:   Charlie Sevastos, Defendant's Vice President and General Counsel.   Doc. No. 67.[2]   Defendant contends in its motion and authorized reply that Mr. Sevastos' deposition should be precluded under the apex doctrine, that his deposition would be unnecessarily duplicative and the information can be more easily obtained from other sources, and that Mr. Sevastos' testimony (all or part) may be protected under the attorney work product and/or attorney client privileges.   *Id.; see also* Doc. No. 71.   Plaintiff opposes, arguing that Defendant cannot rely on the apex doctrine either procedurally or substantively, that Plaintiff has already exhausted less intrusive means for seeking relevant information, and that Plaintiff has no intention of invading any attorney-client or attorney work product privileges.   Doc. No. 70.   Upon consideration of the motion, response, and reply, and the attached materials, as well as the applicable law, the motion for protective order (Doc. No. 67) will be granted, at least at this point in time.

_____

[2] The deposition was scheduled to take place on January 12, 2024, but the Court stayed the deposition pending a ruling on Defendant's motion.   *See* Doc. Nos. 67, 69.

Turning to Defendant's last argument first, the Court does not find persuasive Defendant's reliance on either the attorney work product or attorney-client privilege as a basis to preclude Mr. Sevastos' deposition in its entirety. Defendant fails to demonstrate why such objections would not properly be asserted at deposition. *Cf. Evanston Ins. Co. v. Republic Props., Inc.*, No. 6:16-cv-1649-Orl-40GJK, 2018 WL 11350656, at *3 (M.D. Fla. Jan. 30, 2018) (denying motion for protective order related to deposition and noting that objections that questions pertain to issues outside of the scope of discovery may be raised during the deposition); *see also F.D.I.C. v. Brudnicki*, No. 5:12-CV-00398-RS-GRJ, 2013 WL 5814494, at *4 (N.D. Fla. Oct. 29, 2013) ("[W]ithout the benefit of specific questions and objections the Court cannot determine *before* the deposition has been conducted whether answers to the questions would require the disclosure of work-product or possibly attorney-client privileged information."). The Court therefore gives this argument no further consideration.

Defendant fares better, however, with its other arguments. As explained by another Court in this District:

> [T]he apex doctrine "operates to protect high-level officers from depositions unless they possess 'unique or superior knowledge of discoverable information.'" While there is no per se rule prohibiting depositions of high-level officers, "courts frequently restrict efforts to depose senior executives where the party seeking the deposition can obtain the same information through a less intrusive means, or where the party has not established that the executive has some unique

knowledge pertinent to the issues in the case." *Simon v. Pronational Ins. Co.*, No. 07-60757, 2007 WL 4893478, at *1 (S.D. Fla. Dec. 13, 2007) (quoting *Cardenas v. Prudential Ins. Co. of America*, 2003 WL 21293757 at *1 (D. Minn. May 16, 2003)). "[W]hen a high-ranking official of a corporation does not have any direct knowledge of the facts, it is inappropriate to compel his deposition without first deposing lesser-ranking employees who have more direct knowledge of the facts at issue." *Little League Baseball, Inc. v. Kaplan*, No. 08-60554-CIV, 2009 WL 426277, at *2 (S.D. Fla. Feb. 20, 2009) (quoting *Stelor Prods., Inc. v. Google, Inc.*, No. 05-80387, 2008 WL 4218107, at *4 (S.D. Fla. Sept. 15, 2008)).

*Howard v. Coonrod*, No. 6:21-cv-62-PGB-EJK, 2022 WL 20668007, at *2 (M.D. Fla. July 13, 2022) (record citations omitted).

There is no dispute that Mr. Sevastos is a high ranking official to which the apex doctrine would apply.   *See* Doc. No. 70, at 6 (Plaintiff recognizing Mr. Sevastos is an apex witness).[3]   As such, the Court now assesses whether Plaintiff has established that Mr. Sevastos has some *unique* personal knowledge that cannot be obtained through less intrusive means.   And based on the information before the Court at this time, Plaintiff has not met her burden.

---

[3] Because there is no dispute that Mr. Sevastos is an apex witness, and because Defendant agrees that Mr. Sevastos has some personal knowledge, *see* Doc. No. 71, at 5, the Court does not find the lack of a declaration or affidavit from Mr. Sevastos fatal to Defendant's motion.   Moreover, contrary to Plaintiff's assertions, the decision Plaintiff cites, *Eric Jones v. Scribe OPCO, Inc.*, Case No. 8:20-cv-2945-VMC-SPF (Mar. 3, 2022), does not hold that a motion for protective order can be denied solely due to the lack of an affidavit or declaration.   Rather, United States Magistrate Judge Sean Flynn considered the lack of a declaration, but then went on to assess whether the plaintiff met both prongs of the apex doctrine.   *Id.*   But unlike the matter before Judge Flynn, Plaintiff in this case has not satisfied either prong.

As to the first prong — whether Mr. Sevastos possesses *unique* personal knowledge — Plaintiff relies entirely on the fact that Mr. Sevastos is a member of the Retirement Committee, nothing more.   *See, e.g.*, Doc. No. 70, at 2 (identifying Mr. Sevastos as a Committee member); at 3–4 (stating Mr. Sevastos is a "core member" of the Retirement Committee and plan fiduciary); at 6 (arguing that there is "simply no question" that Mr. Sevastos has unique personal knowledge by virtue of his membership in the Retirement Committee); at 6–7 (discussing how the Retirement Committee operates as a whole, but nowhere singling out any unique information or conduct on the part of Mr. Sevastos); at 8–9 (discussing the Committee meeting minutes that identify Mr. Sevastos, along with all other Committee members, in attendance).[4]   In other words, Plaintiff argues that Mr. Sevastos — as opposed to any of the other Committee members — has some unique knowledge simply by virtue of his status as a member of the Retirement Committee and his attendance at Committee meetings.   But Plaintiff nowhere identifies or even suggests anything specific to Mr. Sevastos alone that could not be obtained via the depositions of the other Committee members.   Thus, Plaintiff fails to satisfy the

---

[4] The Court gives no weight to Plaintiff's argument that she reserves her right to name Mr. Sevastos as an individual defendant at some later point in time.   Doc. No. 70, at 3, n. 1.   The Court will not resolve a current discovery dispute based on speculation and contingent future events.

first prong of the apex doctrine.[5]   *See, e.g.*, *CM Sys., LLC v. TransAct Techs. Inc.*, No. 3:22CV624(JCH), 2023 WL 3335892, at *1 (D. Conn. May 10, 2023) (granting protective order precluding deposition of defendant's CEO where plaintiff failed to identify any unique knowledge the CEO possessed that could not be obtained from other lower-level sources); *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670-JLS-MDD, 2018 WL 4205038, at *2 (S.D. Cal. Sept. 4, 2018) (granting protective order precluding deposition of a member of Board of Directors where plaintiffs had deposed other attendees at various meetings and other recipients of communications, and received notes of the meetings from other attendees, therefore the requested deposition likely would be cumulative and not unique); *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527–28 (S.D. Fla. 2015) (granting protective order to preclude defendant from deposing co-CEO's of

---

[5] Plaintiff cites to no authority where the apex doctrine can be overcome in analogous circumstances.  Rather, the authorities Plaintiff references discuss situations where the deponent was directly involved in various decisions, as opposed to simply a member of a committee, and it was clear that the deponent had unique information that no other witness would possess.  *See Woolfolk v. Columbia Cty.*, Fla., No. 3:07-cv-137-J-25TEM, 2008 WL 11433240, at *2 (M.D. Fla. Feb. 22, 2008) (allowing deposition of sheriff because he was a named defendant and had direct knowledge of the facts and policies pertaining to the particular case, and sheriff was the final decisionmaker on certain relevant policy decisions); *McMahon v. Presidential Airways, Inc.*, No. 6:05-cv-1002-Orl-28GJK, 2009 WL 10705558, at *16 (M.D. Fla. Jan. 8, 2009) (permitting deposition of executive on daily operations and management of a company, where executive acknowledged he was involved in same, and failed to identify any lower level employees who could provide the relevant information).

plaintiff under apex doctrine where defendant failed to adequately demonstrate that the co-CEO's had any unique, non-repetitive firsthand knowledge about the matters at issue, and did not show that any other person could not adequately testify to the facts at issue).

Plaintiff also does not satisfy the second prong.   Plaintiff argues that she has exhausted less-intrusive means via requests for production, requests for admission, and the deposition of the Retirement Committee Chair, Brandon Young.   Doc. No. 70, at 9–10.   But this is not enough, for as Defendant points out, Plaintiff has not propounded any interrogatories to Mr. Sevastos, nor explained why she could not obtain the same information from Mr. Sevastos in this manner versus a deposition. Nor does Plaintiff explain why she must take Mr. Sevastos' deposition before the other Retirement Committee members.   Indeed, at this point it is entirely speculative that Plaintiff cannot obtain the information she seeks by these other less intrusive means.   Thus, Plaintiff also fails to satisfy the second prong.   *See Sun Cap. Partners, Inc.*, 310 F.R.D. at 527–28 (precluding depositions of co-CEO's under apex doctrine where defendant failed to carry its burden of showing that the information it sought to obtain through the depositions could not be obtained from any other source, and noting that defendant had not yet deposed any other lesser ranking officials in an effort to conduct discovery of the facts at issue); *Stelor Productions, Inc. v. Google, Inc.*, No. 05–80387–CIV, 2008 WL 4218107, at *4 (S.D.Fla. Sept. 15, 2008)

(holding that although plaintiff claimed that Google's two top executives did have direct, unique, and personal knowledge of the facts at issue, it made sense to require plaintiff to seek the information from other sources first).

In addition, the Court finds persuasive Defendant's argument that Mr. Sevastos' deposition would be unnecessarily duplicative and redundant.   At least based on the arguments raised in this dispute, it appears that Plaintiff simply wishes to depose every single Committee member.   And again, Plaintiff does not explain why Mr. Sevastos is special and must be deposed at this time.   *See, e.g.*, *Cloud v. Bert Bell/Pete Rozelle NFL Player Ret. Plan*, No. 3:20-CV-1277-S, 2021 WL 4477720, at *5 (N.D. Tex. Sept. 30, 2021) (in ERISA denial of benefits claim, where additional discovery was permitted, plaintiff sought to depose all six members of the claims committee; the court only permitted two depositions to go forward, finding that plaintiff's request was overly broad, at least at this time, and that plaintiff had not shown that taking all six depositions "would elicit testimony that is not unreasonably cumulative or duplicative of one another," and plaintiff made no attempt to show that he could not obtain the relevant information through less than six depositions or what new information he would obtain from each deposition); *In re Packaged Seafood Prod. Antitrust Litig.*, 2018 WL 4205038, at *2 (precluding deposition of a member of Board of Directors where plaintiffs had deposed other attendees at various meetings and other recipients of communications, and received

notes of the meetings from other attendees, therefore the requested deposition likely would be cumulative and not unique).

Now this is not to say that Plaintiff is *forever* precluded from deposing Mr. Sevastos.   Nor should this Order be interpreted to mean that Plaintiff is precluded from deposing other additional Committee members.   Rather, based solely on the explanations provided in the present motion papers, the Court finds that Plaintiff has failed to meet her burden that the apex doctrine does not apply to Mr. Sevastos at this time.   This is not a case where the discovery deadline is looming — rather, Plaintiff has nearly 3.5 months left to conduct depositions and other discovery. And again, there is nothing before the Court suggesting that these other depositions and discovery will not take place.[6]   *Cf. Jernigan v. Scholastic, Inc.*, No. 6:17-cv-2039-Orl-37KRS, 2018 WL 11323497, at *1 (M.D. Fla. Sept. 17, 2018) (denying protective order based on apex doctrine in part because discovery closed in two weeks, leaving insufficient time for plaintiff to conduct all other depositions first).

Accordingly, after Plaintiff conducts this additional discovery, if Plaintiff determines that Mr. Sevastos has unique knowledge that was not obtained through these other less intrusive means, Plaintiff is free to notice the deposition again and

---

[6] The Court of course expects counsel for both parties to cooperate fully in scheduling these other depositions.

the Court will address that issue if necessary and appropriate.  *See, e.g.*, *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (affirming protective order because the plaintiff sought to depose the president in the first instance before lower level employees, and because the trial court had provided that plaintiff could take the deposition if the testimony of other lower level employees proved unsatisfactory);[7] *CM Sys., LLC,* 2023 WL 3335892, at *1 (precluding deposition of CEO under apex doctrine, but noting that plaintiff's request for the deposition could be renewed after conducting other discovery and upon a showing of some unique factual information in the CEO's possession); *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, No. 8:21-CV-146-MSS-AAS, 2021 WL 7448237, at *4 (M.D. Fla. Aug. 13, 2021) (granting protective order as to depositions of three high-ranking officers under apex doctrine, but noting that plaintiff possibly may seek to depose these officers later if plaintiff can show they possess unique, personal knowledge about facts pertaining to this action and less intrusive means prove unsuccessful in obtaining the information sought); *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991) (granting protective order where plaintiff wished to depose all 18 recipients of a memorandum and limiting plaintiff to three (3) such depositions, but not

---

[7] In *Bonner v. City of Prichard Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

barring future requests for additional depositions subject to proof of necessity; also barring deposition of defendant's vice president without first engaging in less intrusive discovery, to include interrogatories and depositions of lower level employees).

For these reasons, Defendant Embry-Riddle Aeronautical University, Inc's Time Sensitive Motion for Protective Order as to its In-House Counsel (Doc. No. 67) is **GRANTED**, and Plaintiff is precluded from deposing Charlie Sevastos at this time.

**DONE** and **ORDERED** in Orlando, Florida January 19, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties