# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

GUILLERMINA LOPEZ,
on behalf of the Embry
-Riddle Aeronautical
University DC Retirement
Plan, *et al.*,

    Plaintiff,                               Case No.:  6:22-cv-1580-PBG-LHP

v.

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

    Defendant.
_____/

### PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANT'S TIME SENSITIVE MOTION FOR PROTECTIVE ORDER AS TO ITS IN-HOUSE COUNSEL

    Pursuant to 28 USC § 636(b)(1)(A) and Fed.R.Civ.P. 72(a), Named Plaintiff, Guillermina Lopez, respectfully appeals Magistrate Judge's Leslie F. Hoffman's January 19, 2024, Order (Doc. 72) granting Defendant's Time Sensitive Motion (Doc. 67) for Protective Order as to its In-House Counsel.  Plaintiff respectfully submits that the Order is clearly erroneous and contrary to law.  The Court should set aside or vacate the Order for the reasons set forth below.

### SUPPORTING FACTS AND PROCEDURAL OVERVIEW

    1.    In this lawsuit, Plaintiff alleges Defendant breached ERISA's statutory fiduciary duty of prudence by squandering millions of dollars of retirement savings it was entrusted to protect and grow.  (Doc. 70, p. 2, ¶ 1).

2. Defendant is a corporation and may only act through individuals whom it appoints to act as fiduciaries to the retirement Plan at issue. Accordingly, Defendant appointed Mr. Charles Sevastos to act as an ERISA statutory fiduciary to the Plan. Mr. Sevastos accepted the appointment and at all relevant times in this lawsuit has been acting as a statutory fiduciary for the retirement plan. It is an important position as the retirement plan has over 5,000 plan participants and roughly $600 million of retirement savings invested in the plan.

3. Plaintiff has been trying for months to depose Defendant's Retirement Plan Committee Members, i.e., the individuals who serve at Defendant's appointment to act as statutory fiduciaries for the plan and administer the plan. (Doc. 70, p. 3, ¶ 2). Defendant initially refused to produce any of the statutory fiduciaries in this breach of fiduciary duty action, including Mr. Sevastos. (*Id.*). So, on December 15, 2023, Plaintiff noticed Mr. Sevastos' deposition for January 12, 2024, and then served Mr. Sevastos a subpoena for deposition. (*Id.*).

4. On December 31, 2023, Defendant filed a Motion with the Court seeking a protective Order precluding Plaintiff from deposing Mr. Sevastos. (Doc. 67). On January 2, 2024, the Court entered an Order (*see* Doc. 69) postponing Mr. Sevastos' deposition pending resolution of Defendant's Motion.

5. Defendant filed its Motion for Protective Order on December 31, 2023 (*see* Doc. 67). In its Motion, Defendant argued that Mr. Sevastos' deposition should be precluded under the "Apex doctrine," that his deposition would be unnecessarily duplicative and the information can be obtained from other sources,

and that Mr. Sevastos' testimony is protected under the attorney-work product and/or attorney-client privileges. (*See generally* Doc. 67).

6. Plaintiff filed her Opposition on January 10, 2024, arguing that Defendant cannot rely on the Apex doctrine either procedurally or substantively, that Plaintiff has already exhausted less intrusive means for seeking relevant information, and that Plaintiff has no intention of invading any attorney-client or attorney work product privileges. (*See generally* Doc. 67).

7. Soon thereafter, on January 19, 2024, United States Magistrate Judge Leslie F. Hoffman granted Defendant's Motion ("Order"). (Doc. 72). That Order is the subject of this appeal.

8. In the first part of her Order granting Defendant's Motion, Magistrate Judge Hoffman held that neither the attorney work product nor the attorney-client privilege served as a basis to preclude Mr. Sevastos' deposition. (Doc. 72, p. 4). Plaintiff does not appeal that portion of the Order.

9. In the latter part of her Order, beginning at Doc. 72, p. 4, through Doc. 72, p. 12, the Magistrate Judge held Plaintiff failed to meet her burden establishing that Mr. Sevastos has unique personal knowledge which cannot be obtained through less intrusive means. The Magistrate Judge also found persuasive Defendant's argument that Mr. Sevastos' deposition would be unnecessarily duplicative and redundant   Plaintiff appeals each of these discrete findings by the Magistrate Judge.

3

10.     Finally, while the Magistrate Judge's Order made clear that Plaintiff is not forever barred from deposing Mr. Sevastos in this case (Doc. 72, pp. 10-11), because the expert witness deadline is looming, Plaintiff cannot afford to wait to depose Mr. Sevastos.  For these reasons, and based on the arguments and authorities set out below, Plaintiff respectfully submits that the Order is clearly erroneous and contrary to law.  The Court should set aside or vacate the Order.

## MEMORANDUM OF LAW

### I.     Legal Standard.

Pursuant to 28 U.S.C. § 636 and Fed.R.Civ.P. 72(a),  a party may file written objections to a magistrate judge's findings within fourteen (14) days of being served with an order or a report and recommendation. When reviewing a magistrate judge's non-dispositive ruling, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  A "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (citation omitted).  An order "is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013).[1]

---

[1] Plaintiff acknowledges that review for factual findings is subject to a "highly deferential standard of review." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013).  However, matters of law determined by a magistrate judge's ruling on a non-dispositive motion are reviewed

## II. The Order is Clearly Erroneous and Contrary to Law.

### A. Defendant's Motion Failed to Include a Sworn Declaration from Mr. Sevastos.

The Magistrate Judge's Order is both clearly erroneous and contrary to law because "[a] protective order precluding the deposition of a high-ranking executive officer will be granted only where the officer possesses **_no unique knowledge_** regarding the underlying facts of the action **_and files a declaration_** status his or her lack of knowledge." *McMahon v. Presidential Airways, Inc.*, No. 6:05-cv-1002-Orl-28GJK, 2009 WL 10705558, at *16 (M.D. Fla. Jan. 8, 2009) (citations omitted).

As a threshold matter, the Magistrate Judge's Order is contrary to law because, as Plaintiff argued in her Opposition Brief (*see* Doc. 70, pp. 5-6), Defendant failed to provide an affidavit from Mr. Sevastos stating that he lacks unique, personal knowledge relevant to the present action. The Court should treat Defendant's failure to file a declaration by Mr. Sevastos as an admission that he cannot honestly attest that he lacks unique knowledge regarding the facts critical to this case. Simply put, the Magistrate Judge's Order is contrary to law because it misapplied relevant case law cited in Plaintiff's Opposition, including *Eric Jones v. Scribe OPCO, Inc.*, Case No. 8:20-cv-2945-VMC-SPF (Mar. 3, 2022).

But *Jones* is not the only case to which the Magistrate Judge's Order is

---

*de novo* to determine whether they are contrary to law. *Berlinger v. Wells Fargo, N.A.*, No. 2:11-CV-459-FTM-29, 2013 WL 3866533, at *2 (M.D. Fla. July 26, 2013) (reviewing magistrate's ruling on matter of law *de novo*).

inapposite. In a recent case presided over by Judge Byron, *Howard v. Coonrod*, No. 6:21-CV-62-PGB-EJK, 2022 WL 20668007, at *3 (M.D. Fla. July 13, 2022), **this Court** denied a similar motion for protective order based, in part, on the fact that "…Defendants fail to allege the Commissioners have no unique knowledge of the issues in this action, nor have they filed 'a declaration stating [their] lack of knowledge.'" *Howard v. Coonrod*, No. 6:21-CV-62-PGB-EJK, 2022 WL 20668007, at *3 (M.D. Fla. July 13, 2022); (citing and quoting *McMahon v. Presidential Airways, Inc.*, No. 6:05-cv-1002-Orl-22JGG, 2006 WL 5359797 at *2 (M.D. Fla. 2006)).

Such is the case here. This Court should: (i) follow its decision from *Howard*; (ii) treat Defendant's failure to provide a declaration from Mr. Sevastos attesting to his lack of knowledge as fatal to Defendant's Motion; and, finally, (iii) set aside or vacate the Magistrate Judge's Order.

### B. Plaintiff Established Mr. Sevastos Has Unique Personal Knowledge That Cannot Be Obtained Through Less Intrusive Means.

Second, the Magistrate Judge's Order is both clearly erroneous and contrary to law because, as argued in Plaintiff's Opposition brief (Doc. 70, pp. 6-10), Defendant does not even attempt to argue Mr. Sevastos has "no unique knowledge regarding the underlying facts" relating to his own personal fiduciary obligations to the Plan. This omission is unsurprising. In fact, Defendant has already explained in great detail how and why Plan fiduciaries, like Mr. Sevastos, are critical witnesses in this case. For example, according to Defendant, "[t]he Plan is

6

managed by a Retirement Plan Committee (the "Retirement Committee" or "Committee"), including a group of highly educated and sophisticated senior executives who diligently fulfill their fiduciary duties, with the assistance of an industry leading investment and retirement plan advisor. The Committee receives extensive data and information from its registered investment advisor, and regularly meets and monitors all investment options offered by the Plan, as well as the recordkeeping fees paid by the Plan." (Doc. 53, pp. 7-8).

So, while Defendant argues that the Plan's fiduciaries, like Mr. Sevastos, satisfied all of their fiduciary duties owed to the Plan (which Defendant argues shield it from liability), at the same time Defendant also refuses to allow Plaintiff to depose those same fiduciaries—including Mr. Sevastos.  But Defendant cannot have it both ways.  Defendant cannot, on one hand, argue that it satisfied its fiduciary obligations under ERISA, including its duty of prudence, by claiming that Mr. Sevastos diligently fulfilled his fiduciary duties while, on the other hand, also arguing Plaintiff is <u>not</u> entitled to depose Mr. Sevastos on exactly what ***he*** purportedly did to discharge his own—and Defendant's—obligations to the Plan under ERISA.  Each of these arguments were carefully laid out in Plaintiff's Opposition brief nearly word-for-word. (Doc. 70, pp. 6-8). Nonetheless, according to the Magistrate Judge's Order:

> As to the first prong — whether Mr. Sevastos possesses *unique* personal knowledge — Plaintiff relies entirely on the fact that Mr. Sevastos is a member of the Retirement Committee, nothing more....In other words, Plaintiff argues that Mr. Sevastos — as opposed to any of the other Committee members — has some unique

7

>   knowledge simply by virtue of his status as a member of the Retirement Committee and his attendance at Committee meetings. **But Plaintiff nowhere identifies or even suggests anything specific to Mr. Sevastos alone that could not be obtained via the depositions of the other Committee members**. Thus, Plaintiff fails to satisfy the first prong of the apex doctrine.

(Doc. 72, pp. 6-7). (Emphasis added).

However, contrary to the Magistrate Judge's Order, Plaintiff's Opposition brief made clear that there is simply no question that Mr. Sevastos possesses both "unique" and "personal" knowledge as to claims at issue in this case. By way of specific example, Mr. Sevastos attended critical Retirement Plan Committee meetings during which the Plan's recordkeeper, TIAA, and Plan's investment advisor CAP Trust, purportedly provided Mr. Sevastos and the other Plan fiduciaries with updates on, among other things, Plan investment changes, a Plan investment review, Plan administration, and the Plan's design summary. (*See* Doc. 70, citing Doc. 53-1, p. 66). The Court should permit Plaintiff's counsel to depose Mr. Sevastos on what exactly what ***Mr. Sevastos*** did with that information because it materially impacted both the Plan and its participant. These are the fundamental and most critical Plan changes which lie at the core of this case.

The Magistrate Judge's Order overlooks the necessity of deposing Mr. Sevastos by suggesting that "the depositions of the other Committee members," (Doc. 72, p. 6), may yield the testimony Plaintiff seeks. First, this implies Plaintiff should engage in a game of discovery whack-a-mole which belies the principles of fairness and proportionality inherent in the Federal Rules of Civil Procedure.

8

Second, given Mr. Sevastos' unique role as both in-house counsel and a fiduciary to the Plan, no other Committee member possesses the unique knowledge necessary to provide Plaintiff with information on Defendant's purported compliance with ERISA (or lack thereof) during the Class Period. Third, from a practical standpoint, while the Magistrate Judge's Order points out that discovery is ongoing and runs through May 1, 2024 (*see* Doc. 72, p. 10), requiring Plaintiff to wait to depose Mr. Sevastos until after the completion of the other Plan Committee Members will prevent Plaintiff's experts from analyzing and incorporating Mr. Sevastos' deposition testimony into their forthcoming reports due March 4, 2024.

In addition, ERISA provides:

> (a)Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

29 U.S.C. § 1109(a). Mr. Sevastos is subject to personal liability in this case and subject to removal as a fiduciary for the Plan. The notion that Mr. Sevastos cannot be deposed under these circumstances is unprecedented. Plaintiff's counsel are not aware of any federal court opinion, anywhere in the country, where a protective order was entered in an ERISA retirement plan breach of fiduciary duty case blocking the deposition of an ERISA plan fiduciary.

9

Notably, Plaintiff has already been forced to ask this Court to extend the Scheduling Order due to Defendant's refusal to cooperate with setting of depositions. (*See* Docs. 55, 62, 63, 68). Plaintiff should not be forced to wait until after all other depositions are complete, and to also wait until after the expert deadline has expired, before deposing Mr. Sevastos. Such delay will unduly and needlessly prejudice Plaintiff and the more than 5,000 Plan participants for whom Mr. Sevastos is serving as an ERISA fiduciary . *See, e.g., Future Metals LLC v. Ruggiero*, No. 21-CIV-60114, 2021 WL 8363334, at *3 (S.D. Fla. Dec. 10, 2021)(denying motion for protective order as to apex deposition and finding that "Plaintiff's interest in obtaining the information outweighs the harm to [Defendant]").

Importantly, this case differs from the various cases cited in the Magistrate Judge's Order (*see* Doc. 72, p. 8), including *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 527–28 (S.D. Fla. 2015) and *Stelor Productions, Inc. v. Google, Inc.*, No. 05–80387–CIV, 2008 WL 4218107, at *4 (S.D. Fla. Sept. 15, 2008), where the court prohibited deposing an apex employee. For example, unlike in *Sun Cap*, a case in which the defendant actually offered its in-counsel up for deposition as the corporate representative, in this case Plaintiff attempted to obtain first obtain the relevant information by deposing Defendant's 30(b)(6) representative before seeking to depose Mr. Sevastos. But, during the 30(b)(6) deposition, Mr. Young was unable to provide substantive testimony on what other committee members, like Mr. Sevastos, actually did to comply with their

obligations under ERISA. In fact, Defendant's Motion for Protective Order actually highlighted Mr. Young's lack of knowledge on what other committee members did by positing, "Plaintiff deposed Brandon Young, Chair of the Committee, as an individual and Rule 30(b)(6) corporate representative. Young testified extensively about the Committee's processes and issues considered. Members, 'incredibly rarely', if ever, had 'conversations outside of normal committee meetings.'" (Doc. 67, p. 12, citing Exhibit C to Defendant's Motion, pg. 104, deposition testimony from Brandon Young). Thus, according to Defendant's corporate representative, what Mr. Sevastos and other Committee Members did to ensure compliance with ERISA was not something that was discussed outside of normal committee meetings. As a result, Plaintiff must be permitted to depose Mr. Sevastos to learn what he did to ensure Defendant complied with its obligations under ERISA.

Additionally, besides first deposing Defendant's corporate representative before seeking to depose Mr. Sevastos, Plaintiff propounded extensive written discovery requests both in the form of requests for production and requests for admission. In fact, Defendant admitted in its Motion that "[d]iscovery has been exhausted with success." (Doc. 67, p. 2). And while the Magistrate Judge's Order took issue with Plaintiff not serving interrogatories on Mr. Sevastos (*see* Doc. 72, p. 8), because Mr. Sevastos is not a party to this lawsuit, without first obtaining leave from the Court that is a procedural impossibility. Obtaining leave from the Court to propound interrogatories on Mr. Sevastos would needlessly delay

11

discovery while also foreclosing Plaintiff's experts from incorporating Mr. Sevastos' testimony into their forthcoming expert reports due March 4, 2024.

Moreover, unlike in the *Sun Cap.* and *Stelor* cases relied upon in the Magistrate Judge's Order, in this case Plaintiff is not attempting to depose a high-level employee not personally involved in the matters at issue. To the contrary, Mr. Sevastos was directly involved in—and again, is a Plan fiduciary who bears personal liability to the Plan under ERISA—in all decisions affecting Defendant's retirement Plan. Under ERISA, fiduciaries, like Mr. Sevastos, are held to a standard that is described as the "highest known to the law." *Milofsky v. American Airlines,* 404 F.3d 338 (5th Cir. 2005). A prudent ERISA fiduciary is obligated to investigate <u>all</u> decisions that will affect the retirement plan and must act in the best interests of the plan beneficiaries. *In re Dynegy, Inc. ERISA Litigation*, 309 F. Supp. 2d 861, 875 (S.D. Tex. 2004). An inquiry into whether the duty of prudence has been breached is "context specific, based upon the "circumstances prevailing at the time the fiduciary acts." *Hughes v. N.W. U.*, 595 U.S. 170, 177 (2022)(citation omitted). Thus, because ERISA plaintiffs typically aren't privy to the full universe of information, discovery from Plan fiduciaries is absolutely critical in any ERISA case. *See Braden v. Wal-Mart Stores,* Inc., 588 F.3d 585, 598 (8th Cir. 2009) ("ERISA plaintiffs generally lack the inside information necessary to make out their claims in detail unless and until discovery commences.").

This case is no exception. Plaintiff needs discovery to successfully prosecute this ERISA case on behalf of the thousands of Plan participants and beneficiaries

12

whom she seeks to represent, including and especially in the form of deposition testimony from Plan fiduciaries like Mr. Sevastos.  Even in the context of apex depositions,  "…the party moving for a protective order to prevent the deposition 'carries a heavy burden to show why discovery should be denied.' " *Apple Inc. v. Corellium, LLC,* No. 19-81160-CV, 2020 WL 1849404, at *3 (S.D. Fla. Apr. 13, 2020) (citations omitted). Defendant has woefully failed to meet this burden. Accordingly, Mr. Sevastos is not the type of high-level employee that the Apex Doctrine excludes from its protection. *See, id.*, at *2.  The Magistrate's Order is both clearly erroneous and contrary to law.  The Court should set it aside, or vacate it, and deny Defendant's Motion.

> **B.     Mr. Sevastos' Deposition Would Be Neither Unnecessarily Duplicative Nor Redundant.**

Finally, the Magistrate Judge's Order found "persuasive Defendant's argument that Mr. Sevastos' deposition would be unnecessarily duplicative and redundant. At least based on the arguments raised in this dispute, it appears that Plaintiff simply wishes to depose every single Committee member. And again, Plaintiff does not explain why Mr. Sevastos is special and must be deposed at this time." (Doc. 72, p. 9).  This finding is also clearly erroneous and contrary to the law.

First, as explained above, given Mr. Sevastos' unique role as both in-house counsel and a fiduciary to the Plan, no other Committee member possesses the unique knowledge necessary to provide Plaintiff with information on Defendant's

13

purported compliance with ERISA (or lack thereof) during the Class Period. By definition that means his testimony will be neither duplicative nor redundant. As alleged in the Complaint, Plaintiff brings this class action claims against Defendant under Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2), which empowers any "participant, beneficiary, or fiduciary" to bring a civil action under 29 U.S.C. § 1109(a). (Doc. 1, ¶¶ 10, 18, 20, 114). Specifically, Plaintiff contends that Defendant breached its fiduciary duties, including its duty of prudence and duty to monitor. The duty of prudence requires that fiduciaries act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). Thus, whether Defendant discharged its duty of prudence depends on what Plan fiduciaries like Mr. Sevastos did, or what they failed to do. That information must come from directly Plan fiduciaries, like Mr. Sevastos.

Put another way, ERISA is a process driven statute, meaning how and why Defendant's fiduciaries, including Mr. Sevastos, made certain decisions as to how much to charge plaintiff participants fees, and whether those fees are reasonable, is how cases like this are decided on the merits. As a Plan fiduciary, Mr. Sevastos was directly involved in the administration of the Plan. He also has personal knowledge as to how the Plan was administered, and what steps both he and the Defendant took to ensure compliance with ERISA's duty of prudence. The Court

should permit Plaintiff to depose Mr. Sevastos on these important issues. After all, that is what this entire case is about.

Second, in terms of the timing as to *why* Plaintiff needs to depose Mr. Sevastos now (rather than waiting until after other Plan committee members are deposed), as explained above, Plaintiff needs to depose Mr. Sevastos with sufficient time to ensure her experts are able to incorporate his deposition testimony into their reports due March 4, 2024.

Third, as set out *supra*, Mr. Sevastos' deposition will be neither duplicative nor redundant because Plaintiff attempted to obtain first obtain the relevant information sought by deposing Defendant's 30(b)(6) representative before seeking to depose Mr. Sevastos. But, during the 30(b)(6) deposition, Mr. Young was unable to provide substantive testimony on what other committee members, like Mr. Sevastos, actually did to comply with their obligations under ERISA. In fact, Defendant's Motion for Protective Order actually highlighted Mr. Young's lack of knowledge on what other committee members. According to Defendant's Motion, "Plaintiff deposed Brandon Young, Chair of the Committee, as an individual and Rule 30(b)(6) corporate representative. Young testified extensively about the Committee's processes and issues considered. Members, 'incredibly rarely', if ever, had 'conversations outside of normal committee meetings.' " (Doc. 67, p. 12, citing Exhibit C to Defendant's Motion, pg. 104, deposition testimony from Brandon Young). Thus, according to Defendant's corporate representative, what Mr. Sevastos and other Committee Members did to ensure compliance with

15

ERISA was not something that was discussed outside of normal committee meetings. As a result, Plaintiff must be permitted to depose Mr. Sevastos to learn what <u>he</u> did to ensure Defendant complied with its obligations under ERISA. That information can only come from Mr. Sevastos. Nothing about his testimony will be duplicative nor redundant.

### III. <u>Conclusion</u>.

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court set aside or vacate Magistrate Judge's Leslie F. Hoffman's January 19, 2024, Order (Doc. 72) granting Defendant's Time Sensitive Motion (Doc. 67) for Protective Order as to its In-House Counsel.

Dated this 2nd day of February, 2024.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 37061
**LUIS A. CABASSA, P.A.**
Florida Bar Number: 0053643
**AMANDA E. HEYSTEK**
Florida Bar Number: **0285020**
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: aheystek@wfclaw.com

>**MICHAEL C. MCKAY**
>Pro Hac Vice
>**MCKAY LAW, LLC**
>5635 N. Scottsdale Road, Suite 170
>Scottsdale, Arizona 85258
>Telephone: (480) 681-7000
>Facsimile: (480) 348-3999
>Email: mmckay@mckaylaw.us
>
>*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of February, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to all counsel of record.

>*/s/Brandon J. Hill*
>**BRANDON J. HILL**