# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GUILLERMINA LOPEZ,

        Plaintiff,

v.                              Case No:   6:22-cv-1580-PGB-LHP

EMBRY-RIDDLE AERONAUTICAL
UNIVERSITY, INC.,

        Defendant

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:** **DEFENDANT EMBRY-RIDDLE AERONAUTICAL UNIVERSITY, INC.'S MOTION FOR COSTS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 113)**
>
> **FILED:** **November 27, 2024**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I.    INTRODUCTION

On September 1, 2022, Plaintiff Guillermina Lopez filed a putative class action complaint against Defendant Embry-Riddle Aeronautical University, Inc., alleging Defendant breached its fiduciary duty of prudence and breached its duty to adequately monitor other fiduciaries and service providers during Defendant's management of its defined contribution employee retirement plan, all in violation of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 ("ERISA"). Doc. No. 1.   Defendant moved to dismiss arguing, among other things, that Plaintiff lacked Article III standing – specifically that she could not demonstrate that she suffered an injury in fact.   Doc. No. 23, at 19-20.   United States District Judge Paul G. Byron denied the motion, finding that Plaintiff had standing to proceed with the litigation, at least at that stage of the case.   Doc. No. 42, at 16-20.

Plaintiff thereafter moved for class certification.   Doc. No. 43.   Judge Byron denied that motion, primarily on the basis that Plaintiff lacked individual standing – in particular that she had not identified any injury in fact that she had suffered – and therefore Plaintiff could not pursue claims on behalf of the retirement plan or on behalf of the putative class and could not serve as a class representative.   Doc. No. 78.

Plaintiff subsequently moved to amend the complaint, in part to add an additional named Plaintiff (Karen Garceau), who Plaintiff contended had sufficient

standing to pursue the present litigation.   Doc. No. 79.   Judge Byron denied the motion, finding that Plaintiff lacked standing to move to amend the complaint, and that the motion was untimely as it was filed more than a year after the deadline for amending pleadings, and Plaintiff failed to establish good cause for the untimely requested amendment.   Doc. No. 87.

Defendant thereafter moved for summary judgment, again arguing that Plaintiff lacked Article III standing.   Doc. No. 89.    Plaintiff opposed, and upon a review of all the relevant filings, on November 13, 2024 Judge Byron granted summary judgment in favor of Defendant as to all claims.   Doc. No. 111.   Once again, Judge Byron found Plaintiff failed to establish that she suffered an injury in fact.   *Id.*   Judge Byron also found Plaintiff failed to establish that any injury was likely to be redressed by a favorable judicial decision.   *Id.   See also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (listing the three elements a party most prove to establish standing:   (1) that the plaintiff "suffered an injury in fact"; (2) that the injury is "fairly traceable to the challenged conduct of the defendant"; and (3) that the injury "is likely to be redressed by a favorable judicial decision."). Accordingly, Judge Byron dismissed the case without prejudice.   Doc. No. 111. *See also Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1235 (11th Cir. 2021) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." (citation omitted)); *Stalley ex rel. U.S. v. Orlando Reg'l*

*Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is

jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for

lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." (quoting *Cone Corp.*

*v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n.42 (11th Cir. 1991))).

On November 27, 2024, Defendant filed the above-styled motion, requesting

an award of $3,738.45 in costs pursuant to 28 U.S.C. § 1919.   Doc. No. 113.   Plaintiff

opposes.   Doc. No. 116.   The motion is now fully briefed and has been referred to

the undersigned, and for the reasons set forth below, the undersigned will

respectfully recommend that Defendant's motion (Doc. No. 113) be granted in part

and denied in part.

## II.    LEGAL STANDARD

When a court determines it lacks jurisdiction to hear a case, 28 U.S.C. § 1919

permits an award of "just costs."   *Rabco Corp. v. Steele Plaza, LLC*, No. 6:16-cv-1858-

Orl-40LRH, 2019 WL 5188601, at *16 (M.D. Fla. July 29, 2019), *report and*

*recommendation adopted*, 2019 WL 5176284 (M.D. Fla. Aug. 13, 2019).   *See* 28 U.S.C. §

1919 ("Whenever any action or suit is dismissed in any district court . . . for want of

jurisdiction, such court may order the payment of just costs.").   "There is broad

discretion under § 1919, particularly as the statute is permissive in that the Court

'may' grant costs, and the costs themselves are qualified by the word 'just.'"

*Crowder v. Andreu, Palma, Lavin & Solis, PLLC*, No. 2:19-cv-820-SPC-NPM, 2021 WL

2291114, at *1 (M.D. Fla. June 4, 2021) (quoting *Ali v. Prestige Window & Door Installation, LLC*, 626 F. Supp. 2d 1259, 1262 (S.D. Fla. 2009)). "The statutory language alone, then, gives the Court leeway to award costs or not award costs as it sees fit." *Id.; see also DWFII Corp. v. State Farm Mut. Auto. Ins. Co.*, No. 10-20116-CIV, 2011 WL 13220168, at *2 (S.D. Fla. Sept. 9, 2011), *report and recommendation adopted*, 2011 WL 13220169 (S.D. Fla. Sept. 27, 2011) ("Determining whether 'just costs' should be awarded under 28 U.S.C. § 1919 is a matter within the sound discretion of the district court.").

While "just costs" under § 1919 are different than the taxable costs available to the prevailing party under 28 U.S.C. § 1920, courts have found the standards applied under § 1920 useful in interpreting which costs are "just." *Grigorian v. FCA US, LLC*, No. 18-24364-CIV, 2021 WL 5605542, at *2 (S.D. Fla. Oct. 1, 2021), *report and recommendation adopted*, 2021 WL 5579276 (S.D. Fla. Nov. 30, 2021) (citations omitted); *see also Ericsson v. Motorola*, 179 F.R.D. 328, 330 (N.D. Ala. 1998) ("[Section] 1920 and Rule 54(d)(1) may provide some help in determining under § 1919 what costs are 'just.'"). As relevant to the present motion, 28 U.S.C. § 1920 permits taxation of costs for deposition transcripts and for copying of exhibits and other materials necessarily obtained for use in the case. 28 U.S.C. § 1920(2), (4).

### III.    ANALYSIS

Defendant seeks costs in the total amount of $3,738.45.    Doc. No. 113.    Of this amount, $3,090.70 is for seven deposition transcripts, and $647.75 is for photocopying charges for deposition exhibits.    *Id.*, at 5-10.    Applying the standards under 28 U.S.C. § 1920, Defendant contends that all of these expenses were necessarily obtained for use in the case – either at the class certification stage or the summary judgment stage – and that some of these costs were directly related to the issue of Plaintiff's standing.    *Id.*

Plaintiff makes several arguments in opposition.    Doc. No. 116.    The first two arguments - (1) that costs should not be awarded because this is a derivative ERISA claim on behalf of a retirement plan, and awarding costs would run contrary to the remedial purposes of ERISA; and (2) that costs should not be awarded based on the financial disparity between Plaintiff and Defendant – are without any legal authority or evidence in support and are therefore unpersuasive.    In addition, the undersigned has not found any legal authority suggesting that ERISA claims (derivative or otherwise) are somehow exempt from 28 U.S.C. § 1919, or that a party's financial status is a complete bar to any award of costs.    *Cf. Pantoja v. Edward Zengel & Son Express, Inc.*, No. 10-20663-CIV, 2013 WL 12243971, at *5-6 (S.D. Fla. Nov. 5, 2013), *report and recommendation adopted*, 2013 WL 12243972 (S.D. Fla. Nov. 26, 2013) (awarding costs under 28 U.S.C. § 1920 in an ERISA derivative claim

on behalf of plan participants for breach of fiduciary duty); *Jessup v. Miami-Dade Cty.*, No. 08-21571-CIV, 2011 WL 294417, at *1 (S.D. Fla. Jan. 27, 2011) ("A district court can only reduce a cost award based on the non-prevailing party's financial status if that party provides 'substantial documentation of a true inability to pay.'") (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000)).

The third argument – that Defendant has not followed the bifurcated process requirements of Local Rule 7.01 – also would not bar recovery.   That Rule nowhere demands that a motion that fails to comply with the bifurcated process be denied *with* prejudice.   Rather, as held in the case Plaintiff herself cites, any violation of Local Rule 7.01 would at most result in a denial of Defendant's motion without prejudice and with leave to refile which, in the interests of judicial efficiency, the undersigned declines to recommend.   *See Kremer v. Lysich*, No. 3:19-cv-887-BJD-JBT, 2022 WL 20018962, at *1 (M.D. Fla. Dec. 20, 2022); *see also* Local Rule 1.01(b).[1]

Plaintiff's fares slightly better, however, with her fourth argument.   Plaintiff contends that an award of costs would be unjust because a similar case brought by Karen Garceau – the same putative class member Plaintiff sought to add in this case

---

[1] The undersigned is also not persuaded by Plaintiff's argument that Defendant's motion should be denied in its entirety because Defendant submitted a bill of costs with its motion.   *See* Doc. No. 116, at 11; *see also* Doc. No. 113-1.   Defendant did not submit a standalone bill of costs and request that the Clerk tax same.   Rather, Defendant clearly submitted the bill of costs as an exhibit in support of its motion, and in light of the persuasive legal authority demonstrating that the standards of 28 U.S.C. § 1920 are a helpful guidepost in determining which costs are "just" under § 1919.

– has now been filed and is proceeding in this Court.   Doc. No. 116, at 3, 7-8; *see also Garceau v. Embry-Riddle Aeronautical University, Inc.*, No. 6:24-cv-755-PGB-LHP (the "*Garceau* litigation").   Plaintiff states that Ms. Garceau and Defendant, both of whom are represented by the same counsel as in this case, have agreed to utilize all of the discovery from this case in the *Garceau* litigation, and "[o]ther than the cost of Plaintiff's deposition transcript, any costs that Defendant seeks to recover would have been incurred in its defense against the claims in *Garceau*."   Doc. No. 116, at 6-7, 8.   Thus, Plaintiff argues that all discovery taken in this case would be necessary and relevant to the claims in the *Garceau* litigation.   *Id.*   In support, Plaintiff points to the Case Management Report filed in the *Garceau* litigation, in which the parties agreed "that all documents produced in *Guillermina Lopez v. Embry-Riddle Aeronautical University, Inc.*, M.D. Fla. Case No.: 6:22-CV-01580, may be used in this case for discovery, class certification, and trial purposes."   *Garceau*, No. 6:24-cv-755, Doc. No. 18 at 5.

Courts within this Circuit have held that when discovery can be used in subsequent litigation between the parties, an award of costs related to that discovery under 28 U.S.C. § 1919 would not be "just."   *See, e.g., Fitzgerald v. McNae*, No. 1:22-22171-CIV, 2024 WL 3982335, at *6 (S.D. Fla. Aug. 21, 2024), *report and recommendation adopted*, 2024 WL 4133068 (S.D. Fla. Sept. 10, 2024) (denying without prejudice request for costs under § 1919, where the discovery might be of continuing

use in connection with state court litigation arising from plaintiff's re-filed claims involving the same issues, finding "it would be premature and unjust at this time to award [Defendant] the costs that he is requesting when the parties are still involved in ongoing litigation in which these depositions and copies will be used and when the party that ultimately prevails on the merits of that litigation should be able to recover its costs"); *Cawthorn v. Auto-Owners Ins. Co.*, No. 6:16-cv-2240-Orl-28GJK, 2022 WL 1224020, at *4 (M.D. Fla. Jan. 10, 2022) (concluding that awarding costs associated with claim that was still being litigated in state court was not just under § 1919), *report and recommendation adopted*, 2022 WL 1224046 (M.D. Fla. Jan. 31, 2022); *Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 11197803, at *3 (S.D. Fla. Sept. 3, 2015) (declining to award costs under § 1919 where the "majority of the stated costs pertain to the merits of Plaintiffs' claims," the court had not "spoken to the merits of those claims," and the claims might "yet prove meritorious elsewhere"); *Spartan Holdco, LLC v. Cheeburger Cheeburger Rests., Inc.*, No. 2:10-cv-91-FtM-36DNF, 2011 WL 6024487, at *4 (M.D. Fla. Nov. 18, 2011), *report and recommendation adopted*, 2011 WL 6024417 (M.D. Fla. Dec. 5, 2011) (declining to award costs for deposition transcripts and a consulting expert under § 1919 in part because "[t]he costs requested for the depositions and the expert may be used in any subsequent litigation between the parties.").

However, in each of the above cases, the parties in the case seeking costs and the parties in the related/subsequent litigation were the same.  But here, while Defendant and counsel are the same in this case and in the *Garceau* litigation, the plaintiffs are not.  And while Plaintiff argues that "it would be unfair to require Plaintiff to subsidize Defendant's discovery costs to defend the claims in *Garceau*," Plaintiff fails to see the other side of the coin.  For if Defendant's cost motion is denied *in toto* here and Defendant ultimately prevails in the *Garceau* litigation, then *Garceau* will be liable for all costs incurred in this case, even though she did not authorize or participate in this case.  And Plaintiff cites no legal authority where costs under 28 U.S.C. § 1919 were denied when the subsequent litigation involved different parties.  Moreover, as Plaintiff herself acknowledges, the costs related to her own deposition would not be incurred in the *Garceau* litigation, rendering her claim that *all* discovery in this case is necessary and relevant to the *Garceau* litigation at least somewhat inaccurate.  Doc. No. 116, at 8-9.

There is no dispute that an award of costs under 28 U.S.C. § 1919 rests in the sound discretion of the Court, and that the standard is whether such costs are "just." Here, it would appear that what is just is to award to Defendant only the costs related to the deposition of Plaintiff, as those costs were necessary for Defendant's successful challenge to Plaintiff's standing to pursue the litigation, and Plaintiff acknowledges that these costs will not be necessary and relevant to the claims in

the *Garceau* litigation.   *See* Doc. Nos. 53, 53-1; Doc. No. 111; Doc. No. 113, at 6-7;

Doc. No. 116, at 8-9.   *Cf. Cawthorn*, 2022 WL 1224020, at *3-4 (finding it fair and

equitable to award costs to defendant for prevailing on certain claims, but declining

to award costs under § 1919 on other claims that Plaintiff could later refile); *Crowder

v. Andreu, Palma, Lavin & Solis, PLLC*, No. 2:19-cv-820-SPC-NPM, 2021 WL 2291114,

at *1 (M.D. Fla. June 4, 2021) (declining to award costs under § 1919 that did not

relate to the question of standing, but also declining to award costs on the standing

issue because the law was unsettled).

Defendant has submitted a declaration from its counsel of record, Irma

Reboso Solares, along with supporting invoices, which establish that Defendant

expended $920.20 for the certified transcript from Plaintiff's deposition.   Doc. No.

113-2, at 4, ¶ 8, & at 9-10.   Defendant has also submitted evidence establishing that

it incurred $480.00 in photocopying charges for exhibits related to Plaintiff's

deposition.   *Id.*, at 5, ¶ 13, & at 24-25.   Defendant argues – without objection from

Plaintiff – that these photocopies were for 23 exhibits used at Plaintiff's deposition,

the exhibits were supplied to the court reporter, Plaintiff, and Plaintiff's counsel at

deposition, and the copies were necessary so that counsel could adequately

question Plaintiff during her in-person deposition.   Doc. No. 113, at 10.

Such costs are permissible under 28 U.S.C. § 1920(2), and (4), and in the

absence of any argument to the contrary, the undersigned will recommend that they

be awarded to Defendant.    *See Coastal Neurology, Inc. v. State Farm Mut. Auto. Ins.
Co.*, No. 10-60354-CIV, 2011 WL 13214044, at *4 (S.D. Fla. Sept. 9, 2011), *report and
recommendation adopted*, 2011 WL 13214037 (S.D. Fla. Sept. 26, 2011) (awarding
deposition transcript costs under § 1919 where depositions were utilized at the class
certification stage and in resolving the jurisdictional issue); *see also Andrews v.
Marshall*, No. 2:16-cv-814-SPC-MRM, 2021 WL 3888208, at *4 (M.D. Fla. Aug. 16,
2021), *report and recommendation adopted*, 2021 WL 3883705 (M.D. Fla. Aug. 31, 2021)
("28 U.S.C. § 1920(2) allows for the recovery of fees for printed or electronically
recorded transcripts necessarily obtained for use in the case.    Deposition costs,
including transcripts, are, therefore, taxable under § 1920(2)." (citing *U.S. EEOC v.
W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000))); *Bucklew v. Charter Commc'ns, LLC*,
No. 8:19-cv-2029-TPB-AAS, 2021 WL 3621892, at *3 (M.D. Fla. July 16, 2021), *report
and recommendation adopted*, 2021 WL 3617404 (M.D. Fla. Aug. 16, 2021) (awarding
costs for deposition exhibits under § 1920); *WrestleReunion, LLC v. Live Nation
Television Holdings, Inc.*, No. 8:07-cv-2093-JDW-MAP, 2010 WL 11508234, at *2 (M.D.
Fla. Feb. 10, 2010) ("Exhibits to deposition transcripts may be taxed pursuant to §
1920(4) as 'costs of making copies of any materials where the copies are necessarily
obtained for use in the case.'" (citations omitted)).

The undersigned will therefore recommend that Defendant be awarded costs under 28 U.S.C. § 1919 in the total amount of $1,400.20, and that all other requested costs be denied.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant Embry-Riddle Aeronautical University, Inc.'s Motion for Costs and Incorporated Memorandum of Law (Doc. No. 113) be **GRANTED IN PART AND DENIED IN PART**, and that costs under 28 U.S.C. § 1919 be awarded in favor of Defendant and against Plaintiff Guillermina Lopez in the amount of **$1,400.20**. The undersigned further recommends that the motion (Doc. No. 113) be **DENIED** in all other respects, and that the Court enter judgment in accordance with its ruling on this Report and Recommendation.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 28, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy